## Southern Traction Co., et al. v. Warren County, et al.

(Decided October 24, 1919.)

### Appeal from Warren Circuit Court.

Appeal and Error—Reversed for Modification of Judgment.—The same facts involving the same rights between the same parties are involved in this case as were before the court in the case of Potter-Matlock Trust Co., Trustee v. Warren County, et al., 182 Ky. 840, and the judgment appealed from not conforming to the one therein ordered to be entered, it is reversed with directions to modify the judgment so as to conform to the one directed in the case referred to.

DAVID GOLDSMITH, SIMS & RODES, T. W. & R. C. P. THOMAS and C. U. McELROY for appellants.

GUY H. HERDMAN, O. D. MILLIKEN and O. R. ROPER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant and defendant below, Southern Traction Company (hereafter referred to as the Traction Company), owns the street railway system in Bowling Green, and it also owns and operates as a part of its system lines over the public roads of Warren county adjacent to the city. On October 25, 1917, the traction company by written contract sold to appellant and de-

fendant below, Cal Hirsch & Sons' Mercantile Company
(hereafter referred to as the Mercantile Company), all
of its tangible property except real estate, consisting of
passenger cars, rails, tools, wires, poles, etc., for the
agreed sum of twenty-one thousand dollars, cash, and
with the right in the Mercantile Company to immediate-
ly tear up the rails and ties, and to remove the poles
and wires and to dismantle the railway system, result-
ing in the abandonment of it and a surrender of all
franchises possessed by the Traction Company.  Four
days thereafter, plaintiffs, Warren county and the city
of Bowling Green, filed these two suits (which were
afterwards consolidated) against the Traction Company
and the Mercantile Company, in which the court was
asked to enjoin each of the defendants from carrying
into execution the contract, upon the ground that the
Traction Company was by virtue of its franchise from
the county as well as from the one from the city under
contract to operate the street railway until the expira-
tion of such franchises, and that to abandon the opera-
tion and dismantle the road would result in great in-
jury and damage as well as inconvenience to the mem-
bers of the public, on behalf of whom the suits were
brought.

It was further alleged that the road could be oper-
ated with a profit under proper, harmonious and wise
management; that there were disagreements among the
stockholders of the Traction Company and had been for
some time, and that it had not been managed in the pro-
per way, which contributed to its failure to earn a pro-
fit on the investment.

The answer in each case admitted the execution of
the contract, but denied the other allegations in the peti-
tion, and alleged the total, as well as hopeless insolv-
ency of the company; that it owed something like twen-
ty-four thousand dollars, and that it could not be sold
for anything as a going concern, or with the obligation on
the part of the purchaser to continue its operation.  Ap-
propriate pleadings made the issues, and upon final
hearing the court perpetuated the temporary injunction
which had been granted upon the filing of the suit, after
due notice and hearing, and which temporary injunction
this court, through Judge Carroll on December 10, 1917,
declined to dissolve upon a motion made before him for
that purpose and which was considered by four mem-
bers of this court.

On final submission the cause was heard upon the same evidence as was introduced upon the hearing of the motion for a temporary injunction, with three additional affidavits filed by plaintiffs, two of them being made by the present and prior county court clerks of Warren county, in which it is stated that the only franchises which the Traction Company held to operate the railway over the roads of Warren county, were the ones introduced when the temporary injunction was granted, and the affidavit of the president of the company in which he stated that for a short while during the winter of 1917-18 the road was operated at a loss. The statements in his affidavit on the final hearing were attempted to be met by other affidavits filed by plaintiffs showing that the time to which the affidavit of the president related was during a most severe and bitterly cold winter which interfered throughout the country with the successful operation of similar systems.

By this appeal the Traction Company and the Mercantile Company seek a reversal of the judgment. Prior to the filing of these suits, and on February 11, 1916, the Potter-Matlock Trust Company, as trustee for bondholders of the Traction Company, filed a suit in the Warren circuit court against the latter company and others, seeking to foreclose a mortgage held by it as such trustee on all of the property of the Traction Company, upon the ground that it had failed to pay installments of interests and perhaps some of the matured indebtedness, secured by the mortgage. That suit lingered upon the docket until after the contract above between the Traction Company and the Mercantile Company had been entered into. When that contract was made the trustee, Potter-Matlock Trust Company (to which we will hereafter refer as the Trust Company) indorsed its approval thereon, and on February 20, 1918, about four months after the filing of the present suits, it filed an amended petition in its suit in which it reiterated the allegations of its petition, and further averred that the street railway, if sold as a going concern with the obligation on the part of the purchasers to operate it, would bring very little if indeed a purchaser could be found, and that the proceeds of the sale, if one could be made under those conditions, would be largely insufficient to pay the mortgaged indebtedness, and that it had been offered the sum of twenty-one thousand dollars, cash, for the tangible property, except real estate,

for the purpose of being dismantled and removed, and it asked that the court render judgment ordering the property sold as a going concern, with the obligation on the part of the purchasers to operate it, and then to offer it with the privilege of the purchaser dismantling the road, and to accept the bid for the larger sum. Upon final hearing the court decreed a sale of the property, but declined to order its sale with the privilege on the part of the purchaser to remove any of the property or in any manner to dismantle the road, and from that judgment the Trust Company prosecuted an appeal to this court, which appeal was determined January 21, 1919, the case being styled Potter-Matlock Trust Company, Trustee, v. Warren County and the City of Bowling Green, 182 Ky., 840. It should have been stated that the amended petition filed in that case by the Trust Company made Warren county and the city of Bowling Green parties, and they each answered, resisting the prayer of the amended petition for a decree to sell the property with the privilege of its being dismantled. So that in that case the same litigants who are parties in the instant case were also parties, with the exception of the Mercantile Company.

This court in that case reversed the judgment appealed from, and directed "that the property should be offered for sale as a going concern at an upset price of twenty-one thousand dollars, with an obligation upon the part of the purchaser to continue its operation, and if no purchaser can be found at this price and under these conditions then the court should put it in the hands of a receiver to be operated for a year without incurring any expense in excess of the income of the property, and if at the expiration of a year it is found that the road can not be operated so as to yield a reasonable profit to the owners an order should be made permitting the owners or trustee for the bondholders, as the case may be, to sell the road in any manner they please, and for any price that suits them, with the right on the part of the purchaser to take up the tracks and other equipment and abandon the road, upon leaving the streets and highways occupied by the road and its equipment in as good condition as the remainder of the adjacent streets and roads."

It will thus be seen that the right of the Traction Company to sell its equipment, including its tracks, for

the purpose of being dismantled and removed, was denied but that such right might be exercised after making the tests outlined in that opinion, and the judgment of the lower court which denied such right absolutely was reversed with direction that it be modified, as the opinion directed. If that modification was followed, we may presume that the judgment is being carried out and by this time the tests therein directed are being made and the time when the sale of the property with the privilege of dismantling it will soon arrive, if at all. Even if we were convinced that the judgment appealed from in the present case was erroneous for the reasons urged (which we do not determine), we are convinced that if for no other purpose than to avoid contradictions in judgments concerning the same matter and upon the same facts, we should not reverse the present judgment and order the dismissal of the petitions, since this would be a determination that the plaintiffs were not entitled to any relief and that the contract sought to be enjoined was valid, and should be performed. Again, while this court's opinion on the motion to dissolve the temporary injunction (which is found on page 844 of 182 Ky.) is not conclusive upon this hearing, it nevertheless is persuasive, the additional testimony heard upon the final hearing, upon the merits, not being sufficient to alter substantially the facts.

We, therefore, conclude that not only to prevent contradiction in judgments concerning the same matter, but to avoid confusion, the judgment appealed from should be reversed, with direction to enter a judgment conforming to the one directed in our opinion in the Potter-Matlock Trust Company case, *supra*, with the privilege on the part of the appellants to sell the property as therein directed after the receivership test which that opinion also directs.

Wherefore, the judgment is reversed with directions to modify it as herein indicated, and for proceedings consistent with this opinion.